# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | No. 3:14-CR-162-PLR |
|  | ) |  |
| ANDREA LYNN LOVE | ) |  |

## MEMORANDUM AND ORDER

By judgment dated October 1, 2015, this court sentenced defendant to 84 months imprisonment [R. 67]. Now before the court is defendant's *pro se* motion for sentence reduction pursuant to Amendment 794 to the United States Sentencing Guidelines [R. 108].

Once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute. *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). One such statute is 18 U.S.C. § 3582(c)(2), which authorizes sentence reductions where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission via a retroactively applicable amendment.

Amendment 794 went into effect on November 1, 2015, and allows the court to reduce the offense level of a defendant who was a "minimal" or "minor" participant in the offense of conviction. A district court may resentence a defendant pursuant to Amendment 794 only if the Sentencing Commission has determined that the amendment is retroactive.

*United States v. Horn*, 679 F.3d 397, 400 (6th Cir. 2012). Amendments that have been deemed retroactive are listed in USSG § 1B1.10(d), and Amendment 794 is not listed. *See Logan v. United States*, 2016 WL 5338060 at *5 (N.D. Ohio Sept. 23, 2016). Because Amendment 794 is not retroactive, defendant is not entitled to a sentence reduction. Accordingly, defendant's motion for sentence reduction [R. 108] is **DENIED.**

*[signature]*
**UNITED STATES DISTRICT JUDGE**