# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | No. 3:14-CR-00162 |
| ) | Judge Reeves |
| ANDREA LOVE    ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the defendant's *pro se* motion for a recommendation that 12 months of her sentence be served at a community corrections center (halfway house) [R. 111]. Defendant states that the court may grant her request pursuant to the Second Chance Act, 18 U.S.C. § 3621(b)(4)(B).

The government opposes the motion, stating that defendant's request for halfway house placement is premature, and defendant has not cited any statutory authority under which the court could grant the requested relief [R. 112].

Defendant was sentenced to 84 months imprisonment, followed by three years of supervised release, for possession of firearms after being convicted of a felony. Defendant's projected release date is November 7, 2020.

The Second Chance Act of 2007 increases the possible duration of pre-release placement in a community corrections center from six months to twelve months and requires the Bureau of Prisons to make an individual determination that ensures any placement is of sufficient duration to provide the inmate with the greatest likelihood of successful reintegration into the community. *See* 18 U.S.C. § 3624. However, as noted by

the government, there is no statutory authority for the court to order the Bureau of Prisons to consider defendant for early halfway house placement. Although a sentencing court may recommend a particular type of prison facility for a defendant, any recommendation or request by the court that a convicted person serve a term of imprisonment in a halfway house has no binding effect on the authority of the Bureau of Prisons to determine or change the place of imprisonment. *See Tapia v. United States*, 131 S. Ct. 2382, 2390 (2011).

The court notes the government's objection, but finds that although the court cannot order the Bureau of Prisons to transfer defendant to a halfway house, the court can make a recommendation for defendant. Accordingly, for the good cause stated, defendant's motion is **GRANTED,** and the court **RECOMMENDS** that defendant be allowed to spend twelve months of her sentence at a community corrections center. This is a recommendation only, as the Bureau of Prisons retains discretion under the Second Chance Act to decide whether and when the defendant should be placed in community confinement. *See Lovett v. Hogsten*, 2009 WL 5851205 (6th Cir. Dec. 29, 2009).

**IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**